### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NATHAN BEMENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24 C 09201 |
| ) | |
| UNITED AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On September 23, 2021, plaintiff Nathan Bement submitted a religious accommodation request to his employer United Airlines, Inc. (United), the defendant in this case, requesting an exemption from the company's COVID-19 vaccine mandate. United denied Bement's claim, finding that his request was untimely. Eventually, United terminated Bement's employment because he failed to comply with the company's vaccine policy by the deadline United had set.

Bement now sues United under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act (FCRA), alleging that the airline discriminated and retaliated against him on the basis of religion. United has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Court grants the motion to dismiss but gives Bement leave to amend.

### Background

The Court summarizes the allegations in Bement's complaint as follows. Bement

began working at United in January 1989. At the time of his termination in 2021, he worked as a sheet metal line technician. During his employment, Bement was regarded as being in good standing, and he received positive reviews.

On August 6, 2021, United notified employees of its COVID-19 vaccination policy. The policy established that:

> All U.S.-based employees are required to be vaccinated within five weeks after the FDA has announced it has fully approved a COVID-19 vaccine or five weeks after Sept. 20, 2021, whichever comes first. The latest potential deadline for meeting this requirement is Oct. 25, 2021. Employees are required to either (1) provide proof that they have received the full course of a designated COVID-19 vaccine or, (2) obtain an approved exemption as a reasonable accommodation.

Compl., Ex. A. On August 23, 2021, United sent employees an updated policy that imposed September 27, 2021 as the new deadline to comply with the vaccination policy. *Id.*, Ex. B.

Bement states that United never notified him of the deadline to submit an accommodation request. He concedes that a deadline was posted for front-line employees to submit exemption requests. Bement says, however, that he confirmed with his union representative that he was not considered a front-line employee.

Bement submitted his religious accommodation exemption request in writing to United on September 23, 2021, four days before the final deadline for compliance with the vaccination policy. United denied the request the following day, providing a brief explanation that the request was untimely.

On November 15, 2021, United held a fact-finding meeting to address Bement's case and determined that he had failed to comply with the COVID-19 vaccination mandate.

United sent a mass email to employees on November 23, 2021 stating that

Florida Statute 381.00317, which was adopted on November 18, 2021 and prohibited employers from mandating the COVID-19 vaccination without providing certain exemptions, did not apply to United because United was subject to federal Executive Order 14042 (Ensuring Adequate COVID Safety Protocols for Federal Contractors). Bement still submitted to United, on November 25, 2021, a Florida Department of Health Religious Exemption From COVID-19 Vaccination Form. On December 1, 2021, United again denied Bement's request, stating, as before, that it was untimely and that the "request is being closed and no further action would be taken."

After receiving this denial, Bement immediately filed an administrative complaint with the State of Florida, contending that United had violated Section 381.00317 of the Florida Statues, Private Employer Vaccine Mandate Program.

On December 7, 2021, United formally terminated Bement.

On May 4, 2023, Bement's case before the Florida Department of Legal Affairs concluded with the Department's acceptance of a settlement agreement requiring United to pay a $15,000 fine.

Bement now sues United, alleging religious discrimination in violation of Title VII and the FCRA due to a failure to accommodate (counts 1 and 3), as well as retaliation in violation of Title VII and the FCRA (counts 2 and 4). For the reasons explained below, the Court grants United's motion to dismiss all four claims.

## Discussion

To survive a motion to dismiss, a plaintiff "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Id.* A plaintiff may not rely on labels and conclusory allegations; he or she must plead "particularized factual content." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019).

The FCRA was modeled after Title VII, and thus "decisions construing Title VII apply to the analysis of FCRA claims." *Johnson v. Miami-Dade County*, 948 F.3d 1318, 1325 (11th Cir. 2020) (internal citation omitted). The Court therefore discusses the claims together.

A.     **Failure to accommodate claims (counts 1 and 3)**

Bement argues that United failed to accommodate his religion by denying his request for a religious exemption from United's COVID-19 vaccination mandate. Under Title VII, employers are prohibited from discriminating against employees based on their religion, along with other protected characteristics. *See* 42 U.S.C. § 2000e–2(a). A plaintiff asserting a claim for failure to accommodate "must prove three things: (1) 'the observance or practice conflicting with an employment requirement is religious in nature;' (2) the employee 'called the religious observance or practice to [the] employer's attention;' and (3) 'the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment.'" *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013). In attempting to satisfy this standard, Bement alleges that he holds "sincere religious beliefs that preclude him from receiving the COVID-19 vaccinations." Compl. ¶ 35. He contends that despite expressing these beliefs, United failed to engage in an interactive process with him to

4

develop a reasonable accommodation to the vaccination mandate.

The Court agrees with United that Bement has failed to adequately plead an observance or practice based on his religion that conflicts with United's COVID-19 vaccination policy. The Seventh Circuit has repeatedly emphasized that employees suing based on religious discrimination must plead facts to support "an inference that some 'aspect[ ]' of the request is based on the employee's 'religious observance and practice' or 'belief.'" *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024). But Bement has not alleged *any* facts beyond general allegations regarding his religious beliefs. He has not alleged any religious principles or tenets that impacted his decision to seek an exemption, nor has he alleged how any such tenets conflict with United's policy. He has not even identified the religion he observes. Such a bare-bones complaint cannot survive a motion to dismiss.

This does not mean that Bement is required to provide extravagant detail or that any religious tenets he identifies will be dissected. Title VII imposes a "broad and intentionally hands-off definition of religion" that includes personal interpretations of one's religious faith. *Adeyeye*, 721 F.3d at 452. But Bement still must plead *some* facts "supporting an inference that her refusal to be vaccinated for COVID was an 'aspect' of [his] 'religious observance' or 'practice' or 'belief.'" *Passarella*, 108 F.4th at 1012.

For these reasons, the Court dismisses Bement's claims for failure to accommodate.

B.  **Retaliation claims (counts 2 and 4)**

Bement next claims that United retaliated against him by firing him for engaging in protected activity. To sustain a claim of retaliation under Title VII using the direct

5

method, Bement must establish that "(1) [he] engaged in protected activity, (2) [he] suffered adverse employment actions, and (3) there was a causal connection between the protected activity and the adverse employment actions." *Miller v. Polaris Lab'ys, LLC*, 797 F.3d 486, 492 (7th Cir. 2015).

In his complaint, Bement states that he "engaged in protected activity when he expressed his religious beliefs and practices that prohibited his obtaining a COVID-19 vaccination, requested religious accommodations from Defendant's COVID-19 Mandates, and objected to United's unlawful refusal to address his request for accommodation." Compl. ¶ 44. As a result of this conduct, he alleges, "Defendant retaliated against [him] . . . by terminating his employment, which violates Title VII." *Id.* ¶ 47.

United argues that Bement's claim for retaliation is indistinguishable from his claim for failure to accommodate. As the Court recently concluded in another case involving United's vaccination mandate, a failure to accommodate or the denial of a religious exemption does not amount to retaliation, which is essentially what Bement alleges here. *See Oka v. Air Line Pilots Ass'n*, No. 23 C 15793, 2024 WL 3888763, at *7 (N.D. Ill. Aug. 20, 2024). In short, Bement may not assert a retaliation claim on the same grounds as his claim for failure to accommodate.

In his response brief, Bement seemingly tries to course-correct around this obstacle. He modifies his alleged protected activity, arguing that "it appears Defendant's position is that Mr. Bement is claiming the denial of his accommodation request as the retaliation. A cursory read-through of the Complaint dispels this position quickly. Mr. Bement has repeatedly pled the steps he took after his initial denial from

6

Defendant which form the basis of his complaints of Defendant's continued illegal activity. Complaint ¶ 20, 22, 24." Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss at 8. In other words, Bement now seems to contend that his retaliation claim is based on his submission of a Florida religious exemption request to United and his filing of an administrative complaint with the State of Florida based on United's second denial of his request.

The protected activity that Bement references in paragraphs 20, 22, and 24 of his complaint are found in the complaint's general fact section. But the particular protected activity that he identifies in his complaint as the predicate for his retaliation claims (paragraphs 64-74 and 43-50), make no reference to his filing with the Florida Department of Legal Affairs. Bement's attempt to amend his allegations through his response brief runs afoul of the "axiomatic rule that a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (internal citation omitted). The Court therefore will not consider Bement's new contentions on the present motion.

The Court's order will give Bement an opportunity to amend his complaint if he so chooses. It is worth noting that even if Bement were to ground his retaliation claim on his Florida administrative filing, it is unclear whether he will be able to plead, consistent with Federal Rule of Civil Procedure 11, that United had knowledge of this protected activity at the time of the retaliatory conduct. *See Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1122 (7th Cir. 2009) ("In order to establish retaliation pursuant to Title VII, the employer must have had actual knowledge of the protected activity in order for its decisions to be retaliatory.").

7

**Conclusion**

The telephonic status hearing set for March 4, 2025 is vacated. For the foregoing reasons, the Court grants defendant's motion to dismiss for failure to state a claim [dkt. no. 51]. Unless plaintiff files, by March 18, 2025, a motion for leave to amend that attaches a proposed amended complaint stating at least one viable claim over which the Court has jurisdiction, the Court will enter judgment in favor of the defendant. The Court sets the case for a telephonic status hearing on March 25, 2025 at 9:15 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

Date: March 3, 2025

_____
MATTHEW F. KENNELLY
United States District Judge