IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHAN BEMENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24 C 9201 |
| ) | |
| UNITED AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nathan Bement sued his former employer United Airlines, Inc., alleging discrimination based on his religion with regard to United's handling of his request for an exemption from its COVID-19 vaccination mandate in 2021. The Court dismissed Bement's complaint for failure to state a claim. Bement has filed a motion for leave to file an amended complaint. United opposes Bement's motion, arguing that the proposed amendment would be futile. The Court denies Bement's motion and directs the entry of judgment for the reasons stated below.

### Discussion

In his original complaint, Bement alleged that he made a request for a religious accommodation to exempt him from United's vaccination mandate. United denied the request, stating that it was untimely; Bement had submitted his request for an exemption just four days before the final (extended) deadline for compliance with the mandate. United later terminated Bement's employment.

Bement sued, asserting claims for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. United moved to dismiss for failure to state a claim. The Court issued a decision on March 3, 2025 granting United's motion. *See Bement v. United Airlines, Inc.*, No. 24 C 9201, 2025 WL 672952 (N.D. Ill. Mar. 3, 2025). In summary, the Court held that Bement had not alleged, let alone adequately alleged, "an observance or practice based on his religion that conflicts with United's COVID-19 vaccination policy" and thus dismissed his claims for religious-based discrimination. *Id.* at *2-3. Regarding Bement's retaliation claims, the Court read the complaint as alleging that United's claimed refusal to accommodate his religious beliefs amounted to retaliation; the Court found the claims to be duplicative of Bement's discrimination/accommodation claims and dismissed the retaliation claims for that reason. *Id.* at *3. The Court's dismissal order stated that unless Bement filed by March 18 a proposed amended complaint that stated at least one viable claim, the Court would enter judgment against him. *Id.* at *4.

As indicated, Bement has now filed a motion for leave to amend, along with a proposed amended complaint. United contends that the amended complaint does not cure the defects in Bement's original version and that it does not state viable claims in any event.

Bement's revised claims for religious-based discrimination or failure to accommodate (Counts 1 and 3 of the amended complaint) do not state a viable claim. Specifically, Bement does not plausibly allege that his claimed religious beliefs were a motivating factor in the denial of his exemption request. Rather, Bement himself alleges that United's stated reason for the denial was the untimeliness of his exemption request,

2

not anything about the merits of the request. *See* Proposed Am. Compl. ¶¶ 18, 27, 58. In other words, he does not allege that United rejected his exemption request on the merits but did so inappropriately.

In addition, there is nothing in Bement's proposed amended complaint that comes anywhere near plausibly suggesting that United's establishment or enforcement of a deadline was discriminatory or otherwise motivated by his religious beliefs in particular, or by any animus against religion or religious-based exemptions generally. *See generally EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015) (claim of failure to accommodate religious beliefs requires that the employer's "actions [were] taken with the *motive* of avoiding the need for accommodating a religious practice."). Among other things, Bement does not allege, or even hint, that United treated religious-based exemption requests in a disparate manner from how it treated non-religious-based exemption requests. Nor does Bement plausibly allege that United's setting of a deadline was arbitrary (even assuming that would enable his claim to clear the required hurdle). As the Court has stated elsewhere, "[f]aced with the global COVID-19 pandemic, it is not reasonable to infer that United's simple imposition of a deadline was arbitrary or discriminatory." *Anderson v. United Airlines, Inc.*, No. 23 C 989, 2023 WL 5721584, at *5 (N.D. Ill. Sept. 5, 2023) (Kennelly, J.). For these reasons, Bement has not alleged a viable claim discrimination or failure to accommodate based on religion.

This leaves Bement's repleaded retaliation claims (Counts 2 and 4). As indicated earlier, the Court previously ruled that simply attaching a "retaliation" label to a discrimination/accommodation claim does not give rise to a viable claim of retaliation.

Bement now alleges the following: "[a]fter BEMENT reported United's discriminatory conduct to the EEOC and to Florida authorities, United responded by terminating his employment." Am. Compl. ¶¶ 46, 69. In other words, he alleges that United acted in retaliation for complaints he made to federal and state authorities about United's actions. But given the timeline that Bement himself sets out, the claim of retaliation does not hold water. An employer must have actual knowledge of the protected activity before its actions may be considered as retaliatory. *See, e.g., Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1122 (7th Cir. 2009). Based on the timeline in Bement's complaint, he cannot establish that United knew of his complaints to the EEOC and Florida authorities at the relevant time.

Bement alleges that United announced its vaccination policy on August 6, 2021. Am. Compl. ¶ 10 & Ex. A. On August 23, United advised that employees needed "to be vaccinated and upload their vaccination record" by September 27, 2021. *Id.* ¶ 16 & Ex. B. Bement submitted his accommodation request on September 23, 2021, just four days before the deadline for actually getting vaccinated. *Id.* ¶ 18. The next day, September 24, 2021, United denied the request as untimely and told Bement that he needed to be fully vaccinated. *Id.* ¶ 18 & Ex. C. In a "fact-finding meeting" held on November 15, 2021, which included Bement, a union representative, and a corporate representative, United advised Bement that he had failed to comply with the vaccination policy by uploading proof of vaccination or obtaining an exemption. *Id.* ¶ 20 & Ex. H. At that point, a Florida law that Bement cites—purporting to require exemptions for Florida-based workers—had not even been enacted; that did not happen, Bement alleges, "a few days later." Am. Compl. ¶ 21. In other words, based on Bement's own

timeline, United had made a definitive decision regarding his noncompliance before the Florida law was even adopted, and thus before Bement had made a complaint for violation of the law. After the Florida law was adopted, Bement says he submitted a second accommodation request to United dated November 25, which United denied on December 1, stating—as it had before—"[y]ou did not get your request in by the deadline. As a result, your request is being closed and no further action will be taken." *Id.* ¶¶ 22-23 & Ex. E. Bement says he sent his first notification to Florida authorities that same day, December 1. *Id.* ¶ 24. United notified Bement on December 7 that he had been terminated. *Id.* ¶ 24 & Ex. H. Bement does not allege, however—plausibly or otherwise—that United was even aware of his submission to the Florida authorities at that point. He has no plausible basis for a retaliation claim based on his Florida complaint.

The same is true of Bement's EEOC charge, even though he submitted that earlier. Specifically, Bement alleges that he submitted the EEOC charge on November 8, 2021. *See id.* ¶ 26. But he does not allege that United was aware of the EEOC charge when it told him definitively at the factfinding meeting on November 15 that he had failed to comply, or even before it communicated the final termination decision on December 7.

All of this aside, as United contends, an employer is not required to suspend an already-contemplated employment action when it learns (if it learns) that an employee has engaged in protected activity, and thus proceeding with already-contemplated activity is not evidence of causation. *See Clerk Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (an employer's "proceeding along lines previously contemplated,

5

though not yet definitively determined" when an intervening complaint is made "is no evidence whatever of causality."). That is the situation here. Bement's retaliation claims do not state plausible claims for relief.

## Conclusion

The Court denies plaintiff's motion or leave to file an amended complaint [58] for the reasons stated above. Plaintiff has now had a more than sufficient opportunity to state viable claims, and he has been unable to do so, even after being warned that his failure to state a viable claim upon amendment would lead to the entry of judgment. The Court therefore dismisses the case on the merits and directs the Clerk to enter judgment stating: This case is dismissed with prejudice. The status hearing set for May 5, 2025 is vacated.

Date: May 5, 2025

_____
MATTHEW F. KENNELLY
United States District Judge